UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1942-KK-SP** | Date: | September 29, 2025 |
|---|---|---|---|

| Title: | *Joana Arroyo v. Sam's West, Inc. et al.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 9]**

**I.
INTRODUCTION**

On June 2, 2025, plaintiff Joana Arroyo ("Plaintiff") filed a Complaint in the Riverside County Superior Court against defendants Sam's West, Inc. ("Sam's West"), Walmart Inc. (collectively, "Defendants"), and Does 1 through 100, asserting negligence and premises liability claims arising from an alleged slip-and-fall at a Sam's Club store. ECF Docket No. ("Dkt.") 1-2, Complaint ("Compl.") at 1-3.  On July 28, 2025, Defendants removed the action to this Court under 28 U.S.C. § 1441.  Dkt. 1 at 1-3.  On August 25, 2025, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 9, Motion ("Mot").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons stated below, Plaintiff's Motion is **DENIED**.

**II.
BACKGROUND**

As alleged in the Complaint, on June 8, 2023, while at 6363 Valley Springs Parkway in Riverside, California ("Riverside Sam's Club"), Plaintiff "slipped and fell as a result of . . . spills, slipping hazards, debris, inadequate cleaning practices, unsafe flooring materials, and/or obstructed walkways."  Compl. ¶ 14.  Plaintiff alleges she "was injured as a direct and proximate result of encountering the[se] unsafe and dangerous conditions."  Id. ¶ 14.  According to Plaintiff, Doe 1 was the general manager of the Riverside Sam's Club, while the remaining Does are "unknown to

Plaintiff" but are, "in some . . . actionable matter, responsible" for Plaintiff's injury.  Id. ¶¶ 6-7. Plaintiff further alleges all defendants were "agents, servants, employees[,] and joint venturers . . . acting within the course, scope[,] and authority of said agency, employment, and joint venture."  Id. ¶ 8.  Plaintiff claims to have suffered "physical injuries to her body requiring medical treatment and care, physical pain and mental suffering, loss of earnings[,] and the capacity to maintain gainful employment" as a result of the fall.  Id. ¶ 17.

On June 2, 2025, Plaintiff filed the operative Complaint in Riverside County Superior Court against Defendants and Does 1 through 100, asserting claims for negligence and premises liability. Compl.

On July 28, 2025, Defendants removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  Dkt. 1.  With respect to diversity of citizenship, Defendants assert complete diversity exists because (1) Plaintiff is domiciled in and is presently a Citizen of California and (2) Defendants are entities organized under Delaware law with principal places of business in Arkansas.  Dkt. 1 at 2-3; see also dkt. 1-1, Declaration of Anna Cornetta ("Cornetta Decl.") at 2.  With respect to the amount in controversy, Defendants assert Plaintiff seeks damages in excess of $75,000.  Dkt. 1 at 3.

On August 25, 2025, Plaintiff filed the instant Motion seeking to remand this action arguing diversity is lacking.[1]  Mot. at 3-4.  On September 4, 2025, Defendants filed an Opposition.  Dkt. 10. Plaintiff did not Reply.

The matter, thus, stands submitted.

## III.
## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A party may remove a state civil action to federal court if the action is one over which federal courts could exercise original jurisdiction.  28 U.S.C. § 1441(a).  Original diversity jurisdiction exists where there is (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d

---

[1] Plaintiff also claims removal is procedurally defective because "Defendants improperly indicate that a jury was not demanded in the Complaint" in the civil cover sheet.  Mot. at 6.  Courts in this Circuit have refused to remand an action for "de minimis procedural defects" such as a defendant's "failure to properly file a civil cover sheet."  Waring v. Geodis Logistics LLC, No. CV-19-4415-GW-KSx, 2019 WL 3424955, at *2 n.4 (C.D. Cal. July 29, 2019); cf. Ackerberg v. Citicorp USA, Inc., 887 F. Supp. 2d 934, 938 (N.D. Cal. 2012) ("[D]efendants' failure to provide the . . . civil case cover sheet . . . was a technical defect that does not strip this Court of jurisdiction."); Pyro-Comm Sys. Inc. v. W. Coast Fire & Integration Inc., No. SACV-14-2028-JLS-RNBx, 2015 WL 12743687, at *2 (C.D. Cal. Mar. 11, 2025) ("[The] failure to attach the state-court ADR packet and Civil Case Cover Sheet—even if . . . those documents constitute 'process, pleadings, and orders' under 28 U.S.C. § 1446(a)—is a de minimis procedural defect and does not warrant remand."). Accordingly, the Court rejects this argument.

413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

## IV.
## DISCUSSION

### A.    APPLICABLE LAW

Parties are completely diverse for purposes of 28 U.S.C. § 1332 if "the citizenship of each plaintiff is [different] from the citizenship of each defendant."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[2]  28 U.S.C. § 1441(b)(1); see also Rojas ex rel. Rojas, 538 F. Supp. 3d 1008, 1017 (S.D. Cal. May 10, 2021) (explaining that this amendment's legislative history "corroborates the conclusion" that courts should disregard Doe defendants).  Under this clear rule, "[t]he citizenship of fictitious defendant is disregarded . . . and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Ma v. Bank of Am., N.A., No. 24-3567, 2025 WL 2180792, at *3 (9th Cir. Aug. 1, 2025) (quoting Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002)).

### B.    ANALYSIS

Here, Plaintiff primarily argues that her inclusion of Doe 1 destroys complete diversity.  Mot. at 4-6.  Consistent with the plain language and legislative history of 28 U.S.C. § 1441 and Ninth Circuit authority, Plaintiff's argument is meritless.  See 28 U.S.C. § 1441(b)(1); Soliman, 311 F.3d at 971.  Rather, the citizenship of any Doe defendant "shall be disregarded."[3]  28 U.S.C. § 1441(b)(1).  Further, because a Doe defendant's citizenship "becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant," Soliman, 311 F.3d at 971 (emphasis added), Plaintiff's additional argument that discovery will inevitably reveal that Doe 1 is California citizen is premature.

Accordingly, the Court has subject matter jurisdiction over this action.

///

---

[2] Prior to 1988, plaintiffs in diversity actions strategically named Doe defendants to destroy federal jurisdiction and keep their case in state court.  See Rojas ex rel. Rojas v. Sea World Parks & Ent., Inc., 538 F. Supp. 3d 1008, 1015-17 (S.D. Cal. May 10, 2021).  Congress addressed this loophole by amending removal statute 28 U.S.C. § 1441 to the current version in 1988.  See Judicial Improvements and Access to Justice Act, Pub. L. 100-702, § 1016(a), 102 Stat. 4642, 4669 (1988).

[3] Even under the recognized exception that a Doe defendant may destroy diversity if "description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action," Johnson v. Starbucks Corp., 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020), Plaintiff's mere description of Doe 1 as the "general manager" of the Riverside Sam's Club, Compl. ¶ 6, is vague at best.  See id. at 1083-84 (requiring a "specific" description of a "real part[y] known to [the plaintiff] whose liability and relation to the suit is fully alleged in the [complaint]").

**V.**

**<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**